**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GENEVA B. PRESLEY,
Plaintiff-Appellant,

v.

No. 98-1016

BELLSOUTH TELECOMMUNICATIONS,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CA-96-701-2)

Submitted: July 31, 1998

Decided: September 3, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Angela Newell Gray, GRAY, NEWELL & JOHNSON, L.L.P.,
Greensboro, North Carolina, for Appellant. James R. Glenister,
BELLSOUTH TELECOMMUNICATIONS, INC., Atlanta, Georgia;
Frank E. Emory, Jr., ROBINSON, BRADSHAW & HINSON, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Geneva Presley appeals the district court's order and judgment granting summary judgment to the Defendant and dismissing her employment discrimination complaint. Presley contends the court erred by permitting the Defendant to file its summary judgment motion within two weeks of trial. Presley also contends the court erred in granting summary judgment. Finding no reversible error, we affirm.

In August 1996, Presley instituted an action against her employer, BellSouth Telecommunications, Inc. ("BellSouth"), alleging violations of Title VII, 42 U.S.C.A. §§ 2000e - 2000e-17 (West 1994 & Supp. 1998) ("Title VII") and 42 U.S.C. § 1981 (1994). Presley, a black woman, alleged that she suffered racial discrimination arising out of disparate treatment with respect to privileges and benefits of employment. Specifically, Presley alleged that she was given negative evaluations, not provided with training opportunities provided white employees, and paid less than similarly situated white employees.

Presley began working at BellSouth in 1968 as an operator. Approximately ten years later, she was promoted to Assistant Manager. She was responsible for supervising, training, and developing operators and managing the daily operations of the phone center. From 1989 to 1994, Presley's direct manager was Sandy Kiddie, who was responsible for evaluating Presley's performance and awarding salary increases. In 1993, there were three other assistant managers; two were white women, and one was a black woman.

In 1994, BellSouth instituted a new employee evaluation procedure in which employees were evaluated based upon their behavior and ability to fulfill commitments. Depending on the rating received, employees were placed in one of four salary groups of which Salary

2

Group 1 was the highest and 4 was the lowest. The salary group determined the amount by which an employee's salary could be increased.

Kiddie determined that Presley's behavior was in the middle of the rating scale. He also found that Presley met most of her commitments in some areas and did not meet a specific commitment regarding the completion of a training packet. She was placed in Salary Group 3 and given a 1.5% salary increase, the maximum increase a Salary Group 3 employee could receive. Presley's performance ratings, her salary, and her salary increase were the lowest of the four assistant managers. Of the remaining three assistant managers, one (a white woman) was placed in Salary Group 1, and the other two were placed in Salary Group 2.

Two of the assistant managers were recognized by Conrad Martin, the department head, for special merit. The other assistant manager exceeded objectives set in some areas. These details were factored into Kiddie's evaluations.

In the course of the proceedings below, discovery closed on May 13, 1997, after having been extended previously due to Presley's request. Subsequently, Presley's original counsel withdrew and Presley retained new counsel. On May 30, Presley's new counsel moved to re-open discovery. On June 5, the court re-opened discovery setting June 30 as the deadline for the close of discovery.

On June 17, Presley served upon BellSouth requests for admission, interrogatories and requests for production of documents. BellSouth moved for a protective order citing M.D.N.C.R. 26.1(f) for the proposition that adequate provisions must be made to ensure that discovery is completed by the close of the discovery period. Since BellSouth had thirty days to respond to Presley's discovery requests, this was not possible. See Fed. R. Civ. P. 33(b)(2), 34(b). Presley did not submit an opposition to the motion.

Meanwhile, the parties were engaged in settlement proceedings. Near the end of July, a settlement was purportedly reached. However, Presley did not sign the settlement agreement, and BellSouth moved to enforce it. The court denied the motion on September 11.

Five days later, BellSouth moved to extend the time in which to file a motion for summary judgment and its trial memoranda, which the court granted. BellSouth contended that it did not file a motion for summary judgment earlier because it believed it had reached a settlement. On September 24, Presley filed a motion to compel discovery.

On October 22, the magistrate judge granted BellSouth its motion for a protective order and denied Presley's motion to compel discovery. The magistrate judge concluded that Presley had a duty to inform the court that she needed more time to conduct written discovery. In addition, the magistrate judge found that Presley was slow in making her discovery requests.

The district court granted BellSouth's summary judgment motion, finding that Presley failed to rebut BellSouth's legitimate, non-discriminatory basis for her pay grade. The court also found that Presley's remaining allegations included events that were either not adverse employment decisions or did not raise an inference of unlawful discrimination.

We first address Presley's contention that the court erred in permitting BellSouth to file its summary judgment motion. Presley contends that the court violated its own local rules, provided BellSouth with an unfair advantage, and prejudiced Presley. When considering whether a district court properly decided to relax or modify its local rules and procedural orders, we give the district court broad leeway. Only if the complaining party is caused substantial prejudice will we find an abuse of discretion. See American Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 539 (1970). Assuming the court modified its own rules, we fail to see how Presley was prejudiced. She was given ample opportunity to conduct discovery and to respond to the summary judgment motion. Presley contends that she was obligated to respond to BellSouth's motion before the court ruled on her motion to compel discovery. However, she never sought an extension of time in which to respond to the motion. Nor did she oppose BellSouth's motion for a protective order. Finally, there is no merit to her contention that BellSouth was given an unfair advantage.

We now consider whether summary judgment was properly granted to BellSouth. We review summary judgment orders de novo;

4

if there is no genuine issue as to any material fact, the moving party is entitled to summary judgment as a matter of law. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). "An employer is entitled to summary judgment if the plaintiff fails to establish a prima facie case of discrimination or fails to raise a factual dispute regarding the employer's proffered reasons for the alleged discriminatory act." Id. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Absent direct evidence of discrimination, a plaintiff must first demonstrate a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In a disparate treatment case, the plaintiff is required to prove that she was a member of a protected class, suffered an adverse employment decision, and was treated differently than similarly situated persons outside the class. Id. at 802. Once a party has made a prima facie case, the employer must provide a legitimate nondiscriminatory justification for its action. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the employer advances such a justification, the plaintiff must then prove that this justification is pretextual and that discrimination based on the plaintiff's protected status motivated the challenged action. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Vaughan v. Metrahealth Cos., Inc., ___ F.3d ___, 1998 WL 271836, *4 (4th Cir. May 29, 1998) (No. 96-2214). A claim of disparate treatment in employment is analyzed in the same manner regardless of whether the claim is brought under Title VII or § 1981. See Mallory v. Booth Refrigeration Supply Co., 882 F.2d 908, 910 (4th Cir. 1989).

We first turn our attention to Presley's claim that she was paid a salary lower than her fellow white employees. Assuming Presley demonstrated a prima facie case, she failed to rebut BellSouth's legitimate, non-discriminatory reason for paying her less than the three other assistant managers. Presley's supervisor found that she did not have the same abilities as the other three assistant managers, which may justify different pay scales. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996); Pouncy v. Prudential Ins. Co. of Am., 668 F.2d 795, 802 (5th Cir. 1982). There was no evidence showing that Kiddie's decision was motivated by Pres-

5

ley's race. As the district court noted, Presley's claim was undercut by the fact that one of the other assistant managers receiving a higher salary was a black woman. Furthermore, Presley is still rated lower than the other assistant managers in spite of a different supervisor providing the evaluations, one whom Presley contends is not motivated by race.

Insofar as Presley alleges that she was denied other benefits of work provided to similarly situated employees, we agree with the district court that her allegations in some respect were vague and conclusory or did not show an adverse employment decision or support an inference of discriminatory motive. Presley alleged that she was not provided opportunities to speak with Kiddie about her work, that she was required to work on her feet after foot surgery while a white employee was permitted to work at a desk, that she was not given credit for accomplishments, and that she was denied the opportunity to participate in training classes.

In a disparate treatment claim, Presley is only protected against discrimination with regard to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981) (in banc). Many of Presley's allegations were vague or merely conclusory and without any factual support. Her own opinion of her accomplishments is not enough to create an inference that she was denied recognition due to her race. Likewise, her own opinion that she was denied access to Kiddie, unlike other employees, has no basis in fact. Having to stand on one occasion is not the type of employment decision protected in a disparate treatment claim. Access to training classes may affect a person's ability to advance, but Presley's allegations were vague and there was evidence that she and the other assistant managers participated in classes. Although there was also evidence that Presley was denied the opportunity to take part in some classes, there was no evidence that she was treated any differently than her fellow employees in this regard or that any of the decisions were motivated by race. In sum, we find summary judgment was appropriately granted on this claim.

Accordingly, we affirm the order and judgment of the district court. We dispense with oral argument because the facts and legal conten-

6

tions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

7